UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60337-CIV-COHN/SELTZER

SAMUEL M. STERLING,

Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Motion for Approval of Attorney's

Fees Pursuant to 42 U.S.C. 406(b) (DE 25) and was referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636 (DE 26).  Having carefully considered the

briefed Motion (DE 25 and DE 27-30) and being otherwise fully advised, the undersigned

respectfully recommends that Plaintiff's Motion (DE 25) be GRANTED as set forth below.

## PROCEDURAL HISTORY

On March 4, 2009, Plaintiff filed this action (DE 1) seeking review of a final decision

of the Commissioner of Social Security, which denied Plaintiff disability benefits under the

Social Security Act.   Defendant thereafter filed an Answer (DE 5), together with the

administrative record (DE 6).  On July 4, 2009, Plaintiff moved for summary judgment (DE

10).  The Government responded by moving to remand the case to the Commissioner

under sentence four of 42 U.S.C. § 405(g) (DE 15); Plaintiff did not oppose a remand (DE

15).  On August 10, 2009, the District Court entered an Order of Remand and Final

Judgment (DE 16), reversing the Commissioner's decision and remanding the case to the Commissioner of Social Security to conduct further proceedings.  Upon Plaintiff's motion (DE 17), the Court awarded him fees in the amount of $4,114.37 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for the services of his attorney, Victor Mantel; the Court also awarded costs of $393.84 (DE 20).

Upon remand, on May 26, 2010, an Administrative Law Judge ("ALJ") of the Social Security Administration issued a fully favorable decision.  Plaintiff's Motion, Ex. A (DE 25). On August 3, 2010, the Commissioner issued a Notice of Award,[1] informing Plaintiff that he was entitled to past due benefits of $106,049.50.  See August 3, 2010 Notice of Award, Ex. A to Defendant's Amended Response (DE 30).  Of this amount, Plaintiff received $79,537.13, and the Commissioner withheld $26,512.37 (25% of the total award) for the payment of fees to counsel.  Id.

Attorney Alan Ginsberg, who represented Plaintiff in the administrative proceedings, has since filed a petition with the ALJ for § 406(a) fees in the amount of $5,300.[2]  See Plaintiff's Motion at ¶ 4 (DE25).  Neither Plaintiff nor attorney Mantel objects to attorney Ginsberg's petition or the amount thereof.  Id.

---

[1]  The ALJ first issued a Notice of Award on June 19, 2010 (Plaintiff's Motion, Ex. B (DE 25)), but made corrections and issued a replacement notice on August 3, 2010.  See Defendant's Amended Response (DE 30).

[2]  In Gisbrecht v. Barnhart, the Supreme Court distinguished between § 406(a) and (b), stating "[42 U.S.C. § 406] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  535 U.S. 789, 794 (2002); Hynes v. Astrue, No. 3:07-cv-245-LAC-EMT, 2009 WL 64257, at *2 (N.D. Fla. January 9, 2009) (same).

Attorney Ginsberg petitioned for fees at the administrative level under § 406(a); his petition, however, is not before this Court.

<u>MOTION FOR ATTORNEY'S FEES</u>

On January 30, 2009, Plaintiff and attorney Mantel entered into a contingency-fee contract in which they agreed that Mantel would represent Plaintiff for a fee of 25% of any back due benefits he recovered for Plaintiff.   <u>See</u> Authority to Represent and/or Employment Contract, Ex. C (DE 1); <u>see also</u> Plaintiff's Motion at ¶ 3 (DE 25).   Attorney Mantel now moves the Court to approve the fee agreement and award him attorney's fees in the amount of $21,212.37[3] pursuant to 42 U.S.C. § 406(b).[4]

Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  Attorney's fees awarded under § 406(b) are payable "out of, and not in addition to, the amount of [the] past due benefits."  <u>Id.</u>

One district court from this Circuit has explained the fee awards permissible under the Social Security Act:

> Pursuant to 42 U.S.C. § 406(b), the Court may award a successful claimant's counsel attorney's fees for work performed before the Court in a "reasonable" amount, not to

---

[3]  This amount is equal to the 25% withheld by the Commissioner ($26,512.37) minus the amount requested by attorney Ginsberg for his services in the administrative proceedings ($5,300.00), as reflected in Plaintiff's Reply (DE 29).  Attorneys Mantel and Ginsberg have agreed that their fees together will not exceed 25% of the past due benefits awarded Plaintiff.  <u>See</u> Amended Response to Motion (DE 30).

[4]  The Commissioner has responded to the motion (DE 28), and Plaintiff has replied thereto (DE 29).  And at the undersigned's direction, the Commissioner filed an amended response reflecting the accurate total award of $106,049.50 (DE 30).

exceed twenty-five percent (25%) of the total past due benefits awarded to the claimant.  These fees are awarded from past due benefits awarded to the claimant and are withheld from the claimant by the Commissioner.  This provision supplements 42 U.S.C. § 406(a), which provides that the Commissioner may award attorney's fees to a successful claimant's counsel for work performed before the Social Security Administration. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's counsel may receive pursuant to the EAJA if the Commissioner's position before the Court was not "substantially justified."[5]  In order to avoid a double recovery of attorney's fees, a claimant's counsel who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his client.

Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1382-83 (S.D. Ga. 2002) (citations omitted)

---

[5]  The Tenth Circuit explained the differences between fees awarded under the EAJA and fees awarded under the Social Security Act:

There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits.  See [Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir.2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." Orner v. Shalala, 30 F.3d 1307, 1309 (10th Cir.1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award.  See 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust."   28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned.  42 U.S.C. § 406(b)(1).

McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006)

4

(footnote added).  The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court resolved a circuit split as to the method for determining "reasonableness" of an attorney's fee award under the Social Security Act.  The Court was asked to consider whether a contingent-fee agreement between a claimant and counsel (not in excess of 25%) is presumptively reasonable or whether courts should utilize a lodestar calculation (based on the hours counsel reasonably expended, multiplied by a reasonable hourly rate).[6]  The Court ruled in favor of lawful attorney-client fee agreements and against the lodestar approach in determining reasonable attorney fees under the Social Security Act, explaining:

> Most plausibly read, we conclude that § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Id. at 806-07; see, e.g., Trejos v. Comm'r of Soc. Sec., No. 6:07-cv-1100-Orl-28GJK, 2010 WL 2927682, at *1 (M.D. Fla. July 21, 2010) (adopting report and recommendation approving § 406(b) petition for attorney fees of $16,889.05 in accordance with contingency

---

[6] Prior to Gisbrecht, the Eleventh Circuit had required that a district court use the lodestar method in determining an attorney fee award under the Social Security Act. See Kay v. Apfel, 176 F.3d 1322, 1323 (11th Cir. 1999).

fee agreement); <u>Mckee v. Comm'r of Soc. Sec.</u>, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. September 30, 2008) (rejecting use of lodestar approach and approving § 406(b) petition for attorney fees of $20,768).

In the instant case, after Plaintiff's claim was initially denied at the administrative level, attorney Mantel, on behalf of Plaintiff, successfully appealed to this Court, obtained a remand, and then secured substantial past due benefits for Plaintiff.  Plaintiff does not object to the fees requested by attorney Mantel.  <u>See</u> Notice (DE 27) (stating that "I, Samuel M. Sterling hereby certify that I have received from my attorney, Victor Mantel, a copy of his fee petition in my case . . . [and] I do not object to the fee he is requesting"). Furthermore, the Commissioner does not oppose the motion or object to the amount of fees that attorney Mantel requests.  Response to Motion (DE 28).  Having considered all pertinent factors, including the matters of issue and the effort required, the undersigned also concludes that a fee award of $21,212.37 is reasonable.

RECOMMENDATION

Accordingly, based on the forgoing, it is hereby RECOMMENDED as follows.

1.      that the District Court GRANT Plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C. 406(b) (DE 25);

2.      that the District Court approve an award of attorney's fees to attorney Victor Mantel in the amount of  $21,212.37 to be paid out of the remaining amount of past due benefits that the Commissioner has withheld pending resolution of this issue; and

3.      that attorney Mantel be ordered to return to Plaintiff the $4,114.37 in attorney's fees previously awarded to him by the District Court under the EAJA (DE 20).

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendation within which to file written objections, if any, with the

Honorable James I. Cohn, United States District Judge.  Failure to file objections timely

shall bar the parties from a de novo determination by the district court of an issue covered

in the report and shall bar the parties from attacking on appeal factual findings accepted

or adopted by the district court except upon grounds of plain error or manifest injustice.

See 28. U.S.C. § 636(b)(1); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982)

(en banc).

DONE and SUBMITTED at Fort Lauderdale, Florida this 19 day of August 2010.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record